UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER L. HARRIS, | 1:11-cv—01722-BAM-HC |
| Petitioner, | ORDER GRANTING PETITIONER LEAVE TO FILE A MOTION TO AMEND THE PETITION AND NAME A PROPER RESPONDENT NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER |
| v. | |
| DONALD O'KEEFE, U.S. Marshal, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303.  Pending before the Court is Petitioner's petition, which was filed in this Court on October 4, 2011.

I. Screening the Petition

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241.  Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules), Rule 1(b).  Habeas Rule 4 requires the Court to

1

make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II. Petitioner's Failure to Name a Proper Respondent

In this case, Petitioner named as Respondent Donald O'Keefe, U. S. Marshal. Petitioner is incarcerated at the United States Prison at Atwater, California. The warden at that facility is Hector Rios, Jr.

2

Title 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-495 (1973). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). It is sufficient if the custodian is in the territorial jurisdiction of the court at the time the petition is filed; transfer of the petitioner thereafter does not defeat personal jurisdiction that has once been properly established. Ahrens v. Clark, 335 U.S. 188, 193 (1948), overruled on other grounds in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. at 193 (citing Mitsuye Endo, 323 U.S. 283, 305 (1944)); Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990).

In summary, in order for a federal court to have jurisdiction over a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, the Petitioner must name his custodian as a respondent; a failure to name and serve the custodian deprives the Court of personal jurisdiction. Johnson v. Reilly, 349 F.3d 1149, 1153 (9th Cir. 2003). The local custodian, or warden of the penitentiary where a prisoner is confined, constitutes the custodian who must be named in the petition, and the petition must be filed in the district of confinement. Id.; Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004).

1   Here, because Petitioner has failed to name his custodian as
2 the Respondent, the petition must be dismissed for lack of
3 jurisdiction.
4   However, the Court will give Petitioner the opportunity to
5 cure this defect by amending the petition to name a proper
6 respondent, such as the warden of his facility.  See, In re
7 Morris, 363 F.3d 891, 893-94 (9th Cir. 2004).  In the interest of
8 judicial economy, Petitioner need not file an amended petition.
9 Instead, Petitioner may file a motion entitled "Motion to Amend
10 the Petition to Name a Proper Respondent," wherein Petitioner may
11 name the proper respondent in this action.

   III.  Order Granting Leave to File a Motion to Amend
         the Petition

14   Accordingly, Petitioner is GRANTED thirty (30) days from the
15 date of service of this order in which to file a motion to amend
16 the instant petition and name a proper respondent.  Failure to
17 amend the petition and state a proper respondent will result in
18 dismissal of the petition for lack of jurisdiction.
19   IT IS SO ORDERED.
20   Dated:   **October 20, 2011**            **/s/ Barbara A. McAuliffe**
                                      UNITED STATES MAGISTRATE JUDGE