UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER L. HARRIS, | ) 1:11-cv—01722-BAM-HC |
| Petitioner, | ) ORDER GRANTING PETITIONER'S ) MOTION TO AMEND THE PETITION TO ) NAME A PROPER RESPONDENT (DOC. 8) |
| v. | ) |
| HECTOR A. RIOS, Warden, | ) ORDER DIRECTING THE CLERK TO ) CHANGE THE NAMED RESPONDENT TO ) WARDEN HECTOR A RIOS |
| Respondent. | ) ) ORDER STRIKING PETITIONER'S ) SECOND AMENDMENT TO PETITION ) (DOC. 14) |
| | ORDER GRANTING PETITIONER LEAVE TO FILE A FIRST AMENDED PETITION NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER |
| | ORDER DIRECTING THE CLERK TO SEND TO PETITIONER A BLANK HABEAS PETITION FORM PURSUANT TO 28 U.S.C. § 2241 |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303. Pending before the Court is 1) Petitioner's motion to amend the petition to name a proper respondent, which was filed on October 31, 2011, and 2)

1

Petitioner's second amendment to the petition (doc. 14), which was filed in this Court on November 21, 2011.

## I. Screening the Petition

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules), Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the

petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

In this case, Petitioner, who is incarcerated at the United States Prison at Atwater, California, named as Respondent in the original petition Donald O'Keefe, U. S. Marshal, instead of Warden Hector A. Rios, the warden at his institution of confinement. By order dated October 20, 2011, the Court permitted Petitioner to file a motion to amend the petition to correct the defect in the named Respondent without filing an entirely new petition.

II. Motion to Amend Petition to Name a Proper Respondent

In order for a federal court to have jurisdiction over a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, the Petitioner must name his custodian as a respondent; a failure to name and serve the custodian deprives the Court of personal jurisdiction. Johnson v. Reilly, 349 F.3d 1149, 1153 (9th Cir. 2003). The local custodian, or warden of the penitentiary where a prisoner is confined, constitutes the custodian who must be named in the petition, and the petition must be filed in the district of confinement. Id.; Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004).

Petitioner's motion to amend the petition to name Warden Rios as Respondent will be granted, and the Clerk will be directed to make the change on the docket.

III. Striking the Second Amendment of the Petition

On November 21, 2011, Petitioner filed a document styled as a second amendment to his habeas petition, in which he stated

3

what appears to be intended as an additional claim (claim four). (Doc. 14, 2-4.)

Generally, when amending a petition, a petitioner must submit a new pleading that is complete and stands on its own. This is because, as a general rule, an amended complaint supersedes the original complaint, which no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Absent prior court approval, Local Rule 220 requires that an amended pleading be complete in itself without reference to any prior pleading. Thus, unless prior approval to the contrary is obtained from the Court, every pleading as to which an amendment or supplement is permitted shall be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.

Here, Petitioner was given permission to file a motion to amend the name of the Respondent; Petitioner was not given permission to file any further amendments to the original petition.

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. Landis v. North American Co., 299 U.S. 248, 254-255 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). A court's inherent power includes the power to strike material from the docket in order to control litigation conduct and to supervise the contents of the docket. Ready Transportation, Inc. v. AAR Manufacturing, 627 F.3d 402, 404-05 9th Cir. 2010). A court may strike a document that does not conform to the formal requirements of the pertinent rules of

4

court. <u>Transamerican Corp. v. National Union Fire Ins. Co. of Pittsburgh, Pa.</u>, 143 F.R.D. 189, 191 (N.D. Ill. 1992).

This Court has reviewed the docket in this case and observes the repetitive motions already filed by Petitioner in this proceeding. The Court has determined that to permit Petitioner to amend his petition by increments would be inefficient and would result in delay and confusion for the Court and the parties. Therefore, the Court exercises its discretion to decline to permit Petitioner to amend his petition incrementally by filing a supplement instead of an independent and free-standing petition.

Accordingly, The Court will strike as improperly filed the purported second amendment to the petition.

IV. <u>Leave to File a First Amended Petition</u>

It appears that Petitioner seeks to amend his originally filed petition.

Before proceeding to screen the original petition, the Court will give Petitioner the opportunity to file a first amended petition that is complete by itself.

Petitioner is advised that failure to file a petition within the allotted time will result in the Court's proceeding to screen the original petition.

Petitioner is advised that an amended petition should be entitled, "First Amended Petition," and it must refer to the case number in this action. Further, Petitioner is informed that Local Rule 220 provides that unless prior approval to the contrary is obtained from the Court, every pleading as to which an amendment or supplement is permitted shall be retyped or

rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.

V. Disposition

Accordingly, it is ORDERED that:

1) Petitioner's motion to amend the petition to name Warden Hector A. Rios as Respondent, is GRANTED; and

2) The Clerk is DIRECTED to change the named Respondent in this action to Warden Hector A. Rios; and

3) Petitioner's second amendment to his petition (doc. 14) is STRICKEN; and

4) Petitioner may FILE no later than thirty (30) days after the date of service of this order a first amended petition for writ of habeas corpus; and

5) The Clerk is DIRECTED to send to Petitioner with this order a blank form for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

IT IS SO ORDERED.

Dated: December 23, 2011 /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE