UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTOPHER L. HARRIS, | ) | 1:11-cv—01722-BAM-HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING THE FIRST |
| | ) | AMENDED PETITION (DOC. 20) |
| | ) | WITHOUT LEAVE TO AMEND FOR |
| v. | ) | FAILURE TO STATE FACTS WARRANTING |
| | ) | HABEAS CORPUS RELIEF |
| HECTOR A. RIOS, Warden, | ) | |
| | ) | ORDER DISMISSING ALL PENDING |
| Respondent. | ) | MOTIONS AS MOOT (DOCS. 6, 7, 9, |
| | ) | 10, 11, 13, 16, 18, 26) |
| | ) | |
| | | ORDER DIRECTING THE CLERK TO |
| | | TERMINATE THE ACTION |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on October 24, 2011 (doc. 5). Pending before the Court is Petitioner's first amended petition (FAP), which was

1

filed in this Court on January 9, 2012.[1]

I. <u>Screening the Petition</u>

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules), Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas

---

[1] After the FAP was filed, Petitioner filed an appeal, which prevented further screening of the petition. On March 13, 2012, the Court of Appeals for the Ninth Circuit dismissed the appeal for lack of jurisdiction and denied all pending motions as moot. (Doc. 27.)

2

corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner alleges that at the time the petition was filed, he was an inmate of the United States Penitentiary at Atwater, California (USPA), and he is serving a sentence of 300 months imposed in 1999 by the United States District Court of the Southern District of Indiana. Petitioner alleges that in addition to his term of imprisonment, he was sentenced to a fine of $4,000,000.00 to be treated as a tax lien. (Pet. 1-2.) Petitioner seeks a stay of execution of what he characterizes as a judgment lien (id. at 3) and more broadly a stay of execution of his sentence as well as a suspension of his sentence. Petitioner contends that he has the right to satisfy his obligation with personal property other than money. The allegations are uncertain to what personal property Petitioner refers, although the Court infers that he is arguing that his conviction and imprisonment sufficed. He alleges that satisfaction of the judgment or a release of the lien as a matter of record results, as a matter of law, in a stay of the execution of the sentence and a suspension of the sentence. Petitioner alleges that he has a statutory right to satisfy the judgment

1 with his personal property as well as rights based on the Equal
2 Protection Clause and the protection against the impairment of
3 contractual obligations of Art. I, § 10. (Id. at 3-8.)
4 Petitioner submitted an offer of judgment captioned in this
5 action (id. at 9-12) as well as a promissory note for
6 $8,000,000.00 that is captioned for the underlying criminal case,
7 case number 1:98-CR-00121-003 in the United States District Court
8 for the Southern District of Indiana, and prepared for the
9 approval of the Clerk of that court (id. at 13-16).

10     II. <u>Subject Matter Jurisdiction pursuant to § 2241</u>
11     Title 28 U.S.C. § 2241 provides that writs of habeas corpus
12 may be granted by a district court within its jurisdiction only
13 to a prisoner whose custody is within enumerated categories,
14 including but not limited to custody under the authority of the
15 United States or custody in violation of the Constitution, laws,
16 or treaties of the United States. 28 U.S.C. § 2241(a), (c)(1),
17 (3).

18     Relief by way of a writ of habeas corpus extends to a
19 prisoner in custody under the authority of the United States who
20 shows that the custody violates the Constitution, laws, or
21 treaties of the United States. 28 U.S.C. § 2241(c)(3). Although
22 a federal prisoner who challenges the validity or
23 constitutionality of his conviction or sentence must file a
24 petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255,
25 a federal prisoner challenging the manner, location, or
26 conditions of the execution of his sentence must bring a petition
27 for writ of habeas corpus under 28 U.S.C. § 2241. <u>Hernandez v.</u>
28 <u>Campbell</u>, 204 F.3d 861, 864-65 (9th Cir. 2000). The scope of

habeas review under § 2241 extends to both constitutional and statutory questions as well as to claims brought under the doctrine of equitable estoppel. Barapind v. Reno, 225 F.3d 1100, 1110 (9th Cir. 2000).

Here, Petitioner asks for a stay of execution of the sentence or a stay of the judgment pursuant to which he is now in custody. It appears that Petitioner is challenging not how his sentence is being executed, but rather the fact that it is being executed at all. Arguably, Petitioner is seeking relief that can only be dispensed by the trial court and is not available within the Bureau of Prisons.

The Court takes judicial notice of the docket of United States of America v. Christopher L. Harris, case number 1:98-cr-00121-SEB-KPF-3, in the United States District Court for the Southern District of Indiana (Indianapolis), the criminal case in which Petitioner was sentenced to the term of 300 months which he is now serving.[2] The Court notes that Petitioner has filed motions in that action seeking from the sentencing court in Indiana essentially the same relief that he seeks herein from this Court. (Docs. 12, 12, 31.) It appears from the docket that those motions remain pending. Further indication of the true nature of Petitioner's claims is the absence of any allegation in the petition that Petitioner has exhausted or even attempted to exhaust any administrative remedies within the Bureau of Prisons with respect to a stay of enforcement of his sentence.

---

[2] The Court may take judicial notice of court records. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).

5

To the extent that Petitioner's claims challenge the legality of the sentence that he is serving, as distinct from the manner in which his sentence is being executed, Petitioner must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. 28 U.S.C. § 2255; Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). In such cases, the motion must be filed in the district where the defendant was sentenced because only the sentencing court has jurisdiction. Hernandez v. Campbell, 204 F.3d at 864; Tripati, 843 F.2d at 1163. Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Stephens v. Herrera, 464 F.3d at 897; Tripati, 843 F.2d at 1162.

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 only if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the legality of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255). Although there is little guidance on when § 2255 is an inadequate or ineffective remedy, in the Ninth Circuit it is recognized that the exception is narrow. Id; Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (dismissal of a successive motion pursuant to § 2255 did not render such motion procedure an ineffective or inadequate remedy so as to authorize a federal prisoner to seek habeas relief); Aronson v. May, 85 S.Ct. 3, 5 (1964) (denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); Tripati, 843 F.2d at 1162-63 (noting that a petitioner's fears of

6

bias or unequal treatment do not render a § 2255 petition inadequate); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by filing a petition for writ of audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). If a petitioner proceeding pursuant to § 2241 fails to meet his burden to demonstrate that the § 2255 remedy is inadequate or ineffective, then the § 2241 petition will be dismissed for lack of jurisdiction. Ivy v. Pontesso, 328 F.3d 1057, 1061 (9th Cir. 2003).

Petitioner has not shown that to the extent that he has a remedy pursuant to § 2255, that remedy is inadequate or ineffective. The Court concludes that Petitioner's claims are unusual and unclear. To the extent that they are in actuality a challenge to the legality of his sentence, they must be dismissed in this proceeding pursuant to § 2241 for lack of jurisdiction.

### III. Statutory Claim

Even if it is assumed that Petitioner's claims relate to the manner of execution of his sentence, there is no legal or factual basis for Petitioner's claim. He has not shown he has a statutory right to use his person, his personal property, and/or a promissory note to satisfy his obligation to pay an alleged $4,000,000 fine imposed in connection with his sentence.

In setting forth his claim, Petitioner relies on statutory provisions concerning enforcement of judgments and debts that are of general applicability. He cites federal statutes that provide

7

that judgments for fines become a lien on property in favor of the United States and may be enforced by the United States as civil judgments are enforced, that a judgment of a United States District Court shall be a lien on property in the state to the same extent that a state court judgment would be, and that a judgment lien shall be released on the filing of a satisfaction of judgment or release of lien in the same manner as the judgment is filed to obtain the lien. 18 U.S.C. § 3613; 28 U.S.C. §§ 1962, 3201(d). He further relies on a provision that a person is discharged from a debt to the extent that he makes payment or delivery of money or personal property to the United States or specified officers thereof. 28 U.S.C. § 3206.

Petitioner cites no authority, however, and the Court is aware of none, that requires either a custodial authority or a sentencing court to permit a prisoner to satisfy a criminal judgment for a fine by a prisoner's service of the sentence, a promissory note, or unspecified personal property.

Further, the facts of record ascertained from taking judicial notice of the judgment in Petitioner's criminal case (doc. 53) directly contradict Petitioner's indirect and vague allegations concerning the fine in question. Petitioner was sentenced to 300 months, an assessment of $100.00, and a fine of $2,000.00. (Doc. 53 at 2, 5.) There is no indication that Petitioner was subjected to any additional fine. Indeed, in the course of briefing Petitioner's post-sentencing motions in the criminal action in the trial court, the federal prosecutor noted that Petitioner was fined and assessed only the $2100.00, and it was uncertain to what any alleged $4,000,000 tax lien or fine

referred. (Doc. 25, 2 n.1.)

Therefore, although Petitioner has identified federal statutes that have general applicability, Petitioner has not alleged specific facts that point to a real possibility of a violation of a federal statute in his case. Moreover, no authority exists to support the rights he alleges have been violated. Further, the facts of record contradict the alleged facts concerning the pertinent judgment.

The judgment itself reflects that the $4,000,000 fine was not part of the judgment or sentence which Petitioner challenges, and therefore, granting leave to amend to allege additional facts would be futile. The Court concludes that dismissal without leave to amend is the appropriate disposition for Petitioner's claim that his sentence is being unlawfully executed because of a failure of the government to accept his offer of payment and a promissory note as satisfaction for a $4,000,000.00 fine.

### IV. Equal Protection

Petitioner alleges generally that his inability to satisfy the fine in the manner previously described violates his right to the equal protection of the laws.

Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race, religion, or membership in a protected class subject to restrictions and limitations necessitated by legitimate penological interests. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Bell v. Wolfish, 441 U.S. 520, 545-46 (1979). The Equal Protection Clause essentially directs that all persons similarly situated should be treated alike. City of Cleburne, Texas v.

9

Cleburne Living Center, 473 U.S. 432, 439 (1985). Violations of equal protection are shown when a respondent intentionally discriminates against a petitioner based on membership in a protected class, Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or when a respondent intentionally treats a member of an identifiable class differently from other similarly situated individuals without a rational basis, or a rational relationship to a legitimate state purpose, for the difference in treatment, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

    Here, Petitioner has not alleged that membership in a protected class was the basis of any alleged discrimination. Further, the governmental interests at play in a case involving a prisoner, on the one hand, and a citizen at liberty engaging in commerce on the other, are dissimilar. A fine imposed as part of a criminal penalty emanates not from a voluntary economic relationship, but rather from the government's exercise of its police power. The nature and extent of a prisoner's compliance with a court's criminal judgment are matters subject to the judicial power and the broad discretion of prison and corrections administrators. Petitioner has not alleged any specific facts that show or even suggest that any difference in treatment experienced by Petitioner as a sentenced prisoner exceeded the bounds of conduct supported by clearly legitimate, governmental interests.

    Further, as previously noted, Petitioner's factual allegations concerning the amount of the fine are directly contradicted by the record.

In summary, with respect to his equal protection claim, Petitioner has failed to state specific facts that point to a real possibility of constitutional error and entitlement to habeas relief. Because full documentation of the criminal judgment has already been provided to the Court, it appears that no tenable claim for relief could be pleaded were leave to amend granted. Therefore, the Court concludes that Petitioner's equal protection claim should be dismissed without leave to amend.

## V. Impairment of the Obligation of Contracts

Petitioner alleges generally that his asserted inability to satisfy the judgment violates his rights under Art. I, § 10, which provides in pertinent part that no state shall pass any law impairing the obligation of contracts.

Petitioner has not alleged that any legislative provision has resulted in an injury to him. Petitioner has not alleged specific facts in support of this claim. Given that the gravamen of Petitioner's claims is conduct by the Bureau or the trial court, as distinct from any particular legislative enactment, Petitioner could not state a tenable claim for relief were leave to amend granted.

Accordingly, Petitioner's claim concerning impairment of the obligation of contracts will be dismissed without leave to amend.

## VI. Pending Motions Filed by Petitioner

Review of the docket reflects that Petitioner has filed numerous motions in the present proceeding. He has moved for release from custody on his personal recognizance. (Doc. 7, filed October 28, 2011.) He has moved for judgment on the merits, including a motion for summary judgment (doc. 9, filed on

November 3, 2011) with a related declaration regarding Respondent's default in connection with the absence of a response to the motion from Respondent (doc. 17, filed on December 2, 2011); a motion for an award of the writ (doc. 11, filed on November 4, 2011); and a motion for judgment as a matter of law (doc. 16, filed on November 30, 2011). Petitioner moved in effect for an order to show cause to require the Respondent to establish jurisdiction over Petitioner.  (Doc. 10, filed on November 3, 2011.)  Petitioner moved for relief in the nature of injunctive relief, including a motion for discharge in the underlying criminal case (doc. 6, filed on October 24, 2011); a motion for an injunction to restrain execution of the judgment (doc. 18, filed on December 8, 2011); a motion to adjudicate lien enforcement (doc. 13, filed on November 16, 2011); and a motion to stay transfer of Petitioner during the pendency of this proceeding (doc. 26, filed on February 13, 2012).

In light of the dismissal of the petition without leave to amend, all pending motions will be dismissed as moot.

VII. <u>Disposition</u>

In summary, to the extent that Petitioner's claims are actually challenges to the legality or duration of his sentence, the petition should be dismissed for lack of jurisdiction in this proceeding pursuant to 28 U.S.C. § 2241.  To the extent that Petitioner's claims pertain to the manner of execution of his sentence and are otherwise cognizable in a proceeding pursuant to § 2241, Petitioner's claims should be dismissed without leave to amend because Petitioner has not stated specific facts that point to a real possibility of statutory or constitutional error and

entitlement to habeas relief.  Further, because full documentation of the criminal judgment has already been provided to the Court, it appears that no tenable claim for relief could be pleaded were leave to amend granted.

Accordingly, it is ORDERED that:

1)  The petition for writ of habeas corpus is DISMISSED without leave to amend; and

2)  All pending motions are DISMISSED as moot; and

3)  The Clerk is directed to close the action because this dismissal terminates it in its entirety.[3]

IT IS SO ORDERED.

Dated:   **March 16, 2012**          **/s/ Barbara A. McAuliffe**
                                     UNITED STATES MAGISTRATE JUDGE

---

[3] A certificate of appealability is not required to appeal the denial of a petition under § 2241. Forde v. United States Parole Commission, 114 F.3d 878, 879 (9th Cir. 1997).  This is because the plain language of § 2253(c)(1) does not require a certificate with respect to an order that is not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  Id.