UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER L. HARRIS, | ) 1:11-cv–01722-BAM-HC |
| | ) |
| Petitioner, | ) ORDER DECLINING TO ISSUE A |
| | ) CERTIFICATE OF APPEALABILITY |
| v. | ) |
| | ) |
| DONALD O'KEEFE, U.S. Marshal, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner is a federal prisoner who proceeded pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On March 16, 2012, the petition was dismissed without leave to amend, and judgment was entered. On April 16, 2012, Petitioner filed a notice of appeal.

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255. 28 U.S.C. § 2253(c)(1)(B); Hohn v. United States, 524 U.S. 236, 239-40 (1998). Appeal from a proceeding that is nominally undertaken pursuant to 28 U.S.C. § 2241, but which is really a successive application under § 2255, requires a certificate of

1

1  appealability.  Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir.
2  2001).
3       It appeared from the face of Petitioner's § 2241 petition
4  that in part, Petitioner was raising claims attacking the
5  legality of his conviction and sentence, and not the execution of
6  his sentence.
7       A certificate of appealability may issue only if the
8  applicant makes a substantial showing of the denial of a
9  constitutional right.  § 2253(c)(2).  Under this standard, a
10 petitioner must show that reasonable jurists could debate whether
11 the petition should have been resolved in a different manner or
12 that the issues presented were adequate to deserve encouragement
13 to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336
14 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A
15 certificate should issue if the Petitioner shows that jurists of
16 reason would find it debatable whether the petition states a
17 valid claim of the denial of a constitutional right and that
18 jurists of reason would find it debatable whether the district
19 court was correct in any procedural ruling.  Slack v. McDaniel,
20 529 U.S. 473, 483-84 (2000).  In determining this issue, a court
21 conducts an overview of the claims in the habeas petition,
22 generally assesses their merits, and determines whether the
23 resolution was debatable among jurists of reason or wrong.  Id.
24 It is necessary for an applicant to show more than an absence of
25 frivolity or the existence of mere good faith; however, it is not
26 necessary for an applicant to show that the appeal will succeed.
27 Miller-El v. Cockrell, 537 U.S. at 338.
28      A district court must issue or deny a certificate of

1  appealability when it enters a final order adverse to the
2  applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.
3      Here, it does not appear that reasonable jurists could
4  debate whether the petition should have been resolved in a
5  different manner.  Petitioner has not made a substantial showing
6  of the denial of a constitutional right.
7      Accordingly, the Court DECLINES to issue a certificate of
8  appealability.
9      IT IS SO ORDERED.
10     Dated:   **April 23, 2012**              **/s/ Barbara A. McAuliffe**
                                         UNITED STATES MAGISTRATE JUDGE